# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

BELINDA DEAN, )
)
        Plaintiff, )
)
v. ) Civil Action No. 3:20-cv-766–HEH
)
WALMART, INC., *et al.*, )
)
        Defendants. )

## MEMORANDUM OPINION
### (Denying Plaintiff's Motion to Remand)

This matter is before the Court on Belinda Dean's ("Plaintiff") Motion to Remand filed on October 6, 2020 ("Motion," ECF No. 3). Walmart, Inc., Wal-Mart Stores East, LP t/a Wal-Mart #1833, and Wal-Mart Real Estate Business Trust (collectively "Defendants") removed this action from the Circuit Court for Fredericksburg, Virginia, on September 20, 2020. (ECF No. 1.) Because she moved to consolidate this matter with a related action in state court against a Virginia citizen, Plaintiff claims that this matter should be remanded for consolidation with the case involving a non-diverse defendant. (Mot. to Remand 1–2.) The parties have filed memoranda supporting their respective positions, and the matter is ripe for this Court's review. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before it, and oral argument would not aid in the decisional process. *See* E.D. Va. Local Civ. R. 7(J). For the reasons set forth below, the Court will deny the Motion.

On September 11, 2018, Plaintiff, a Virginia citizen, was shopping in a Walmart Supercenter located at 1800 Carl D. Silver Parkway in Fredericksburg, Virginia. (Compl. ¶¶ 8–9, ECF No. 1 Ex. A.) During her shopping trip, Plaintiff contends that an employee caused a box to fall on her while he was operating a dolly with unsecured boxes. (*Id.* ¶ 9.) Plaintiff asserts that Defendants, by and through their employee, were negligent and did not take proper precautions to secure the boxes on the dolly. (*Id.* ¶¶ 10–12.) Plaintiff alleges that she suffered serious injuries from Defendants' purported negligence and sought $75,000.00 in damages in the original ad damnum. (*Id.* ¶ 15.)

After Defendants filed an answer in state court, Plaintiff filed a Motion to Consolidate this matter in state court against Defendants with a separate action involving Defendants' former employee, a Virginia citizen. (Mot. to Consolidate 1, ECF No. 1 Ex. C.) Plaintiff additionally asked the state court to be able to increase the ad damnum clause against Defendants, likely to be similar to the ad damnum of $485,000.00 as against Defendants' former employee. (*Id.*) As Defendants are all citizens of states other than Virginia, Defendants thereafter removed the case. (Notice of Removal 1–2.) Defendants claim that the Motion to Consolidate was their first notice of federal diversity jurisdiction as a result of Plaintiff's request to increase the ad damnum over the jurisdictional limit. (Notice of Removal 1–2.) Plaintiff filed a Motion to Remand to consolidate the cases against Defendants and the former employee. (Mot. to Remand 1–2.)

As the removing parties, Defendants bear the burden of demonstrating that this Court has subject matter jurisdiction. *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016). Removing proceedings from state court raises significant federalism

concerns; accordingly, "[i]f federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). In contrast to state courts of general jurisdiction, "[f]ederal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotations and citations omitted). In determining whether removal is proper, federal courts must be "sensitive to the delicate nature of federal-State relations [and] must take care not to assume jurisdiction of a case or controversy that belongs exclusively before a State tribunal." *Thompson v. Gillen*, 491 F. Supp. 24, 27 (E.D. Va. 1980). "[C]ourts may consider affidavits and other extrinsic information to determine whether subject matter jurisdiction exists." *Saval v. BL Ltd.*, 710 F.2d 1027, 1029 n.2 (4th Cir. 1983).

This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Diversity must be complete "such that the state of citizenship of each plaintiff must be different from that of each defendant" at the time an action commences. *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999). This holds true for when a citizen of a foreign state is a party to an action. *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120–21 (4th Cir. 2004) (holding that non-diverse state citizenship or alienage on two sides of a dispute destroys diversity). The amount in controversy is determined when a case is removed to the district court. *See Rowland v. Patterson*, 882 F.2d 97, 99 (4th Cir. 1989).

3

A case must be removed within thirty days of service of process. 28 U.S.C. § 1446(b)(1). If the matter is not removable based upon the initial pleading, "a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

In this matter, Defendants have timely removed this action after receiving the Motion to Consolidate. On its face, the four corners of the Complaint did not present diversity jurisdiction as the original ad damnum was $75,000.00. The Motion to Consolidate put Defendants on notice that the amount in controversy in this matter was greater than $75,000.00 because Plaintiff sought to increase the ad damnum clause. *See* § 1446(b)(3). Although Plaintiff does not specify the increased ad damnum, § 1332 only requires that the amount in controversy exceed $75,000.00. Thus, as Plaintiff and Defendants are citizens of different states and Plaintiff indicated that the damages exceed $75,000.00, this Court has jurisdiction.

Nevertheless, Plaintiff contends that this matter should be remanded to be consolidated with the related case against Defendants' former employee and tried together. As consolidated cases retain their separate case identities under both the federal and Virginia law, this Court is unconvinced that remand is required; diversity jurisdiction remains in this action notwithstanding consolidation. *See Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018) ("From the outset, we understood consolidation not as completely merging the constituent cases into one, but instead as enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate

4

parties."); *Clark v. Kimnach*, 96 S.E.2d 780, 786 (Va. 1957) ("The consolidation of cases for trial only does not operate as a merger of the different cases into one, but merely permits them to be tried together to . . . to avoid unnecessary delay and expense in the administration of justice." (internal quotations omitted)). Regardless, this matter has not been consolidated with the other related case, rendering Plaintiff's argument moot. Accordingly, as this Court has jurisdiction, the Motion to Remand will be denied.

    An appropriate Order will accompany this Memorandum Opinion.

                                                              /s/
                                        Henry E. Hudson
                                        Senior United States District Judge

Date: Feb. 25, 2021
Richmond, Virginia