# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

BELINDA DEAN, )
)
       Plaintiff, )
)
v. )   Civil Action No. 3:20-cv-766-HEH
)
WALMART, INC., *et al.*, )
)
       Defendants. )

## MEMORANDUM OPINION
### (Granting Plaintiff's Motion and Remanding Case)

This matter is before the Court on Belinda Dean's ("Plaintiff") Motion for Joinder and Leave to Amend Complaint filed on March 8, 2021 ("Motion," ECF No. 7). Plaintiff seeks to join Defendant Ronnie Domagsang ("Domagsang") to this action as well as leave to file an Amended Complaint including Domagsang. This litigation arises from an incident that occurred at a Walmart in Fredericksburg, Virginia on September 11, 2018. Plaintiff alleges in her Complaint that a Walmart employee operating a dolly caused a box to fall from the dolly, injuring her. As the basis for her Motion, Plaintiff alleges that Domagsang was the employee operating the dolly at issue, and, as such, is a necessary party to the litigation. The parties have filed memoranda supporting their respective positions, and the matter is ripe for this Court's review. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before it, and oral argument would not aid in the decisional process. *See* E.D. Va. Local Civ. R. 7(J). For the reasons set forth below, the Court finds that joinder of

Domagsang as a defendant in this action is appropriate under Federal Rule of Civil Procedure 20 and will grant Plaintiff's Motion.

Plaintiff filed her Complaint in the Circuit Court of the City of Fredericksburg on July 10, 2020. (ECF No. 1-2.) Defendants Walmart, Inc., Wal-Mart Stores East, LP t/a Wal-Mart #1833, and Wal-Mart Real Estate Business Trust (collectively "Defendants") removed this action from the Circuit Court on September 30, 2020. (ECF No. 1.) According to Plaintiff, she first discovered that Domagsang was the Walmart employee involved in the incident in an email dated August 28, 2020. (Pl.'s Mem. Supp. 2, ECF No. 8; Ex. A, ECF No. 8-1.) Thereafter, Plaintiff filed a separate action against Domagsang in the Circuit Court of the City of Fredericksburg on September 4, 2020. (Motion 2; Ex. A, ECF No. 7-1.) Plaintiff attempted to consolidate the two actions in state court on September 28, 2020, and, in the process, notified Defendants that she intended to increase her ad damnum from $75,000 to $485,000. (Defs.' Mem. Opp. 2, ECF No. 9.)

Based upon the increase in Plaintiff's ad damnum, Defendants removed the matter to this Court. Plaintiff sought a remand to pursue consolidation in state court, but, finding that it has jurisdiction under 28 U.S.C. § 1332(a)(2), this Court denied Plaintiff's request for remand in a Memorandum Opinion entered on February 25, 2021. ("Mem. Op.," ECF No. 5.) Should the Court grant the instant Motion, Plaintiff notes that diversity jurisdiction would be destroyed because she and Domagsang are both Virginia citizens, and the matter would necessarily be remanded to state court under 28 U.S.C. § 1447(e). Defendants oppose the Motion, arguing that joinder is not proper and that

Plaintiff should be collaterally estopped from adding Domagsang as a defendant because the Motion is a second bite at remand in disguise.

Federal Rule of Civil Procedure 20 sets out that an individual may be joined as a defendant to a pending matter in federal court if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." "When a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e)." *Mayes v. Rapoport*, 198 F.3d 457, 461–62 (4th Cir. 1999). The district court's analysis of § 1447(e) is discretionary, and involves two options: (1) granting the joinder and remanding the matter to state court, or (2) denying the joinder. *Id.* If the court allows the nondiverse defendant to join the federal action, "the statute does not allow a district court to retain jurisdiction." *Id.* at 462. Several factors guide this Court's analysis regarding whether joinder and remand is appropriate: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Coley v. Dragon Ltd.*, 138 F.R.D. 460, 465 (E.D. Va. Apr. 30, 1990); *see also Mayes*, 198 F.3d at 462–63.

Although the United States Court of Appeals for the Fourth Circuit has cautioned courts to "carefully scrutinize" attempts to add nondiverse defendants after removal to prevent forum shopping, the Fourth Circuit has also recognized "other interests at stake

. . . including the 'danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and inefficient use of judicial resources.'" *Mayes*, 198 F.3d at 463. In *Mayes*, the defendants removed the case to federal court and then the plaintiff filed an amended complaint adding a nondiverse party as a defendant. *Id.* at 458. The district court dismissed the plaintiff's complaint under the doctrine of fraudulent joinder, and the Fourth Circuit reversed the district court, remanding the case with instructions to remand the matter to state court. *Id.* The principal question surrounding the nondiverse defendant in *Mayes* was whether the plaintiff could state a valid claim against him. *Id.* at 464–66. The court found that the plaintiff had a plausible claim against the nondiverse defendant and that the defendants had not "carried the heavy burden required" to demonstrate fraudulent joinder. *Id.* at 466.

Plaintiff chiefly relies upon *Blankemeyer v. Fisher* to support her contention that Domagsang should be added as a defendant in this litigation. No. 5:20CV82, 2021 WL 76970 (W.D. Va. Jan. 8, 2021). In *Blankemeyer*, the plaintiff filed a personal injury action arising from a car accident on Interstate 81 against a single defendant in state court. *Id.* at *1. The plaintiff then filed a separate state suit against another defendant after discovery responses from the first case attributed fault in the incident to another driver. *Id.* Although the plaintiff discussed consolidating the matters, the second defendant removed his case to federal court before the plaintiff could pursue consolidation. *Id.* The district court granted the plaintiff's motion for joinder and remand, finding that the plaintiff would be injured if forced to fund two separate lawsuits,

and that separate suits in state and federal court risked inconsistent results and judicial inefficiency. *Id.* at *3–4.

Defendants attempt to distinguish this matter from *Blankemeyer*, arguing that the relative fault of the defendants involved in the accident remained an issue in that case, whereas here, Defendants would be held liable only under the doctrine of *respondeat superior*. This argument, however, is a distinction without a difference. Here, inconsistent results could include varying decisions regarding liability, the scope of Domagsang's employment, and the determination of damages. Furthermore, Plaintiff would certainly be disadvantaged by litigating one event through two separate actions in state and federal court. As in *Blankemeyer*, the fact that Plaintiff filed suit against Domagsang before Defendants removed this action to federal court militates against forum shopping concerns. *See id.* at *3. The equities strongly favor allowing Plaintiff to try this case once, with all parties involved present in a single action.

Defendants also argue that the Court should deny the Motion as barred by collateral estoppel, or issue preclusion. Defendants contend that because this Court denied Plaintiff's Motion to Remand, Plaintiff may not relitigate the issue of joinder. Plaintiff's motions have overlapping elements, but divergent analyses apply to each, making issue preclusion inapposite here. "Collateral estoppel forecloses 'the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate.'" *Sedlack v. Braswell Servs. Group*, 134 F.3d 219, 224 (4th Cir. 1998) (quoting *Ramsay v. INS,* 14 F.3d 206,

210 (4th Cir. 1994)). The proponent must prove the following elements for collateral estoppel to apply:

> (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum.

*Id.* The first and second prongs alone defeat application of issue preclusion here. Whether this Court could exercise jurisdiction over the case between Plaintiff and Defendants cabined its analysis of Plaintiff's Motion for Remand. The Court found that jurisdiction was proper "as Plaintiff and Defendants are citizens of different states and Plaintiff indicated that the damages exceed $75,000.00." (Mem. Op. 4.) The Court chose *not* to consider Plaintiff's attempt to consolidate two matters in state court as a factor in denying remand, finding that doing so would be unnecessary to assess this Court's jurisdiction and would not change the outcome. (*Id.*) By contrast, Plaintiff now poses to the Court the issue of joinder. Issue preclusion is a test not of overlapping consequences, but actual determination of issues previously litigated. *See Sedlack*, 134 F.3d at 224. This Court has not previously determined whether Domagsang—the employee allegedly directly responsible for Plaintiff's injuries—should be joined to this action as a defendant.

Domagsang is a central player in this litigation, and should be joined as a defendant pursuant to Rule 20. Accordingly, the Motion for Joinder and Leave to

6

Amend the Complaint will be granted. However, as Domagsang is a nondiverse defendant, pursuant to 28 U.S.C. § 1447(e) this matter will be remanded to state court for further proceedings.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: July 15, 2021
Richmond, Virginia